# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By nventura at 10:00 am, Mar 13, 2008

| | |
|---|---|
| In the matter of: ) | |
| ) | Chapter 13 Case |
| HENRY E. THORNE ) | |
| ) | Number <u>05-41544</u> |
| *Debtor* ) | |

## FINAL MEMORANDUM AND ORDER
## ON DEBTOR'S MOTION TO INCUR DEBT

### FINDINGS OF FACT

Debtor filed Chapter 13 on June 17, 2005. On November 1, 2005, this Court confirmed Debtor's plan of $303.00 per month for 60 months. The plan proposed to pay a dividend to unsecured creditors of no less than 10%. <u>Trustee's Report of Confirmation</u>, Dckt.No. 18 (March 8, 2006). On November 26, 2007, Debtor filed a Motion to Incur Debt for a Reverse Mortgage in order to pay his Chapter 13 in full. <u>Motion</u>, Dckt No. 21. After notice and a hearing, this Court entered an order granting the motion to incur a reverse mortgage but reserved its ruling on using the proceeds to pay off the mortgages and reduce/pay-off the Chapter 13 plan for a future order. <u>Order Granting Motion to Incur Debt</u>, Dckt.No. 28 (December 17, 2007). As of February 22, 2007, Debtor's case had been pending for 27 months, he has paid $12,423.23, and still has a "balance" of $8,699.00.

The issue raised by the parties is the interpretation of §1325(b) and whether it requires Debtor to fund a plan for at least a full term of 36 months unless he pays all the

⬥AO 72A
(Rev. 8/82)

allowed claims in full, or whether Debtor can pay off his plan early by paying the projected cash dividend proposed in the original plan. The Trustee objects to Debtor's proposed early payment by arguing that Debtor must either fund his plan for a minimum of 36 months or, if he wants to pay his plan off early, must pay the creditors 100% of their allowed claims. Debtor, on the other hand, argues that since there is no bad faith on his part, no prejudice to the creditors, no harm to the Trustee, and the creditors would receive the dividend now rather than having to wait, this Court should allow Debtor to make a lump sum payment to the Trustee earlier than the installments otherwise would have come due.

## CONCLUSIONS OF LAW

Since Debtor filed his petition before October 17, 2005, this issue is governed by the law prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). In order to pay off his plan early, Debtor must modify his current plan under 11 U.S.C. §1329:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to . . .
>
> (2)    extend or reduce the time for such payments . . .
>
> (b)(1) Section 1322(a), 1322(b), and 1323(c) of this title and *the requirements of section 1325(a) of this title apply* to any modification under subsection (a) of this title.
>
> 11. U.S.C. §1329 (2005)(emphasis added).

a plan. Once Debtor meets the subsection (a) criteria, he must still deal with the additional prerequisite to confirmation in § 1325(b)(1)(B):

> (b)(1) If the trustee of the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan...
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the *three-year period* beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.
>
> 11 U.S.C. § 1325(b)(1)(B)(2005)(emphasis added).

The issue whether a Debtor must fund a plan for a minimum of 36 months unless he pays all unsecured claims in full, or whether Debtor may pay his projected monthly disposable income multiplied by 36 at any time during the plan is answered by §1325(b)(1)(B). It plainly requires Debtor to make plan payments for a period of at least 36 months.

This holding is consistent with this Court's previous practice. Prior to the enactment of BAPCPA, I have found that §1325(b) requires a standard minimum length of thirty-six months for any plan objected to by the trustee or an unsecured creditor, unless the plan provides for payment of all allowed unsecured claims. *See also* In re Weaver, 2006 WL 305437, at *2 (E.D.Pa. 2006); In re Martin, 189 B.R. 619, 625 (Bankr.E.D.Va. 1995)("[T]he Bankruptcy Code mandates a minimum of 36 months duration for any plan objected to unless that plan pays 100% of allowed unsecured claims."); In re Evans, 183 B.R. 331, 333

(Bankr.S.D.Ga.1995)(J.Dalis)(refers to the "minimum three-year period of §1325(b)(1)(B).").

Second, the express words of §1325(b)(1)(B) require a minimum three-year period unless all allowed creditors are paid in full. "The starting point in any case involving the meaning of a statute [] is the language of the statute itself." Group Life & Health Ins.Co. v. Royal Drug Co., 440 U.S. 205, 210, 99 S.Ct. 1067, 1073, 59 L.Ed.2d 261 (1979). "In construing a federal statute it is appropriate to assume that the ordinary meaning of the language that Congress employed 'accurately expresses its legislative purpose.'" Mills Music, Inc. v. Snyder, 469 U.S. 153, 164, 105 S.Ct. 638, 645, 83 L.Ed.2d. 556 (1985)(*quoting* Park 'N Fly Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 194, 105 S.Ct. 658, —, 83 L.Ed. 582). "[F]or where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)(*quoting* Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

If a trustee or allowed unsecured creditor objects to the confirmation of the modified plan, then this court may not approve the modified plan unless

> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under

the plan will be applied to make payments under the plan.

11 U.S.C. §1325(b)(1)(2005).

The express words of the statute give Debtor two options if the Trustee objects to a plan: (1) pay all of the creditors in full; or (2) provide his projected disposable income over a three-year period. Since Debtor is not paying all allowed claims in full, he must pay all his projected disposable income for a three year period. The term "three-year period" "uses a word with temporal meaning: 'period' means 'chronological division,'""length of time, "portion of time," or a "length of existence." In re Schanuth, 342 B.R. 601, 607 (Bankr.W.D.Mo. 2006); In re Slusher, 359 B.R. 290, 301 (Bankr.D.Nev. 2007); In re Davis, 348 B.R. 449, 456 (Bankr.E.D.Mich. 2006). "If Congress wanted the [three-year] period to function as a multiplier, it could have stated so in the statute." In re Alexander, 344 B.R. 742, 751 (Bankr.E.D.N.C. 2006); *see e.g.,* 11 U.S.C. §§ 507(a)(4)(B)(i)(2005) ("the number of employees covered by each such plan multiplied by $4,925").

Once Debtor reaches this minimum 36-month threshold, he may propose a modified plan that would allow him to make a lump-sum payment to conclude a Chapter 13 plan which extends beyond 36 months. Although some courts pre-BAPCPA permitted a Chapter 13 debtor to pay off a 36 month plan on an accelerated basis without first confirming a modified plan shortening the length of the plan,[1] I disagree with that holding for the reasons

---

[1] *See e.g.,* In re McCollum, 363 B.R. 789, 797 (E.D.La. 2007); In re Golek, 308 B.R. 332, 337 (Bankr.N.D.Ill. 2004); In re Sounakhene, 249 B.R. 801, 805 (Bankr.S.D.Cal. 2000).

5

stated by the Bankruptcy Court of the Eastern District of California in In re Keller, 329 B.R. 697, 699-701 (Bankr.E.D.Cal. 2005):

> [1] . . . if a court is prepared to permit a debtor to accelerate payments, the same logic would permit the deferral or reduction of monthly plan payments as long as, by the last month of the plan, the payments have been caught up. After all, if the length of the plan and the amount of the monthly plan payment are nothing more than the two components of a formula determining the total amount due creditors, why not permit the debtor to make a lump sum payment in the last month of the plan?
>
> This is not permitted because a debtor, like a creditor, is bound by all plan provisions, including those requiring regular monthly payments. *See* 11 U.S.C. §1327(a).
>
> [2] . . . a chapter 13 plan is required to provide for the means of its execution... It makes little sense to require that a plan specify how it will be funded, and to require regular monthly payments that continue for at least 3 years, then verify that the debtor has the ability to make such payments only to permit the debtor to perform differently than required by the plan. *See* 11 U.S.C. §§ 1322(a)(1), 1325(a)(6) & (b).
>
> [3] . . . There may be a good reason to question the source of an accelerated lump sum payment. If a debtor has a sudden ability to make a large lump sum payment, this may indicate that the debtor's income has increased significantly or that the debtor has received a windfall. In either case, the debtor's new financial ability might warrant confirming a modified plan in order to pay more to creditors rather than just paying off the dividends promised in the original plan.
>
> [4] . . . when a debtor makes an accelerated lump sum payment rather than the regular monthly payments required by the plan, the debtor is preempting the right of the trustee and the unsecured creditors to propose a

6

modified plan should circumstances (such as an increase in the debtor's income) warrant a modification. *See* 11 U.S.C. §1329(a).

For the foregoing reasons, I hold that Debtor must continue his monthly payments for a minimum of 36 months, after the first payment was due, subject to modification of any provision other than the Plan duration. After that minimum 36-month threshold, Debtor may then propose a modified plan to pay a lump-sum to conclude his Chapter 13 plan.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT THAT THE Debtor's Motion to pay off the case early is denied.

Debtor was previously authorized to close a reverse mortgage. IT IS FURTHER ORDERED that Debtor is to report on the status of his reverse mortgage transaction and an accounting of funds received and disbursed by March 24, 2008.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 12th day of March, 2008.